IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. C 07-5944 SC<br>MDL No. 1917<br><br>ORDER DENYING MOTION TO <u>INTERVENE</u> |

On May 30, 2014, Christopher Donnelly and six other individuals (collectively, "Intervenors"), proceeding pro se, filed a motion to intervene in this action. ECF No. 2603 ("Mot."). Defendants, Direct Purchaser Plaintiffs, and Indirect Purchaser Plaintiffs oppose the motion. ECF Nos. 2619-20, 2623. Intervenors did not file a reply brief by the deadline of June 20, 2014; therefore the motion is fully briefed. Similarly, Intervenors failed to notice a hearing date with their motion. Mot. at 1-2. Nevertheless, Intervenors' motion is appropriate for resolution without oral argument. Civ. L.R. 7-1(b). The motion is DENIED, as explained below.

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention of right and permissive intervention. Fed. R. Civ. P. 24(a), (b). Parties seeking intervention of right must (1) bring a timely motion, (2) possess a "significantly

protectable interest" relating to the action, (3) be situated such that the disposition of the action "may impair or impede the party's ability to protect that interest," and (4) their interest must not already be adequately represented by the existing parties. Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009) (quoting Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003)). Unlike intervention of right, granting permissive intervention is discretionary provided the applicant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." N.W. Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996). While the requirements for both types of intervention are "broadly interpreted in favor of intervention," a proposed intervenor nonetheless bears the burden of satisfying Rule 24's requirements. Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006); see also Fed. R. Civ. P. 24(c).

Here, Intervenors have not met their burden. Intervenors' motion: (1) omits any factual or legal basis for intervention under either Rule 24(a)(2) or (b), (2) fails provide any information about their interest in the action, and (3) does not provide any explanation as to how their interests are not adequately represented by the existing parties to the action. Indeed, the only information Intervenors provide in support of their motion is their statement "Our [i]ntervention provides [q]uestions of laws and [f]acts that are common in this [a]ct[ion]." Mot. at 1. This conclusory assertion does not meet the standard for either

2

intervention of right or permissive intervention.  Accordingly, the motion is DENIED.

IT IS SO ORDERED.

Dated: July 1, 2014



UNITED STATES DISTRICT JUDGE

3